# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARTAEJHA LAKE,**

    **Plaintiff,**                    Case No.:

v.

**FANEUIL, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARTAEJHA LAKE (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant FANEUIL, INC. (hereinafter "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was hired by Defendant on or about June 2020.

5. Plaintiff was employed with Defendant in Orlando, Orange County, Florida.

6. Defendant is a foreign for-profit corporation providing business process outsourcing to the healthcare, social programs, and transportation sectors, including but not limited to the location where Plaintiff was employed.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

## FACTS

11. Plaintiff was employed with Defendant from approximately June 2020 until August 23, 2021.

12. At the time of her unlawful termination, Plaintiff was employed as a Customer Service Representative.

13. At all times material, Plaintiff performed well while working for the Defendant.

14. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to August 2021.

15. Plaintiff worked at least 1,250 hours for Defendant during the year immediately preceding August 2021.

16. At all times material, Plaintiff suffered from medical conditions for which she was under the care of an orthopedic specialist and undergoing treatment.

17. Additionally, in early to mid-August 2021, Plaintiff began experiencing COVID-19 symptoms.

18. Plaintiff immediately advised her supervisor of her symptoms and that she would be taking a COVID-19 test the next day.

19. Plaintiff also inquired to her supervisor and Defendant's Human Resources Department regarding her eligibility for medical leave.

20. Plaintiff did not receive a response.

21. Plaintiff took the COVID-19 test on August 11, 2021.

22. Plaintiff received the results on August 14, 2021.

23. Plaintiff tested positive for COVID-19.

24. Accordingly, Plaintiff needed to be out of work while isolating because she was positive for COVID-19.

25. Plaintiff also needed medical leave to begin physical therapy for her other serious health conditions once recovered from COVID-19.

26. On or around August 18, 2021, Plaintiff requested medical leave for all her medical conditions.

27. Plaintiff provided the Defendant with all the required documents for her leave to be approved.

28. Plaintiff requested leave to include the date of her COVID-19 positive test (August 11, 2021) until August 30, 2021.

29. Plaintiff was eligible for leave under the FMLA.

30. Despite being eligible for FMLA leave, Defendant did not advise Plaintiff of her FMLA rights.

31. On or around August 20, 2021, Plaintiff contacted the Defendant's Human Resources Department regarding her request for leave as she had received no response from the Defendant other confirming receipt of her request.

32. On August 23, 2021, Plaintiff received an email from the Defendant's Human Resources Department terminating her employment effective immediately.

33. Defendant's actions in this instance clearly violate the FMLA.

34. Defendant was aware that Plaintiff had timely and properly requested medical/FMLA for her own medical condition.

35. Defendant was aware that Plaintiff requested medical FMLA/leave.

36. Defendant was aware that Plaintiff had submitted the necessary documentation for Defendant to process Plaintiff's request for medical/FMLA leave.

37. Plaintiff was eligible for FMLA leave for her own medical condition.

38. Plaintiff was eligible for intermittent FMLA leave for her own medical condition.

39. Defendant did not advise Plaintiff of her rights under the FMLA.

40. Defendant interfered with Plaintiff's rights under the FMLA.

41. Prior to needing FMLA leave for her own medical conditions, Plaintiff had no substantial performance or discipline related issues while working for the Defendant.

42. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

43. Defendant's actions interfered with Plaintiff's rights under the FMLA.

44. Defendant retaliated against Plaintiff for attempting to engage in her rights under the FMLA.

## COUNT I
## INTERFERENCE UNDER THE FMLA

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1-44 above as if fully set forth herein.

46. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

47. Defendant was Plaintiff's employer as defined by the FMLA.

48. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

49. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

50. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

51. Defendant's violations of the FMLA were willful.

52. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

53. Plaintiff re-alleges and adopts the allegations of paragraphs 1-44 above as if fully set forth herein.

54. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

55. Defendant was Plaintiff's employer as defined by the FMLA.

56. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

57. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

58. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

59. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

60. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

61. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

62. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

64. Defendant's violations of the FMLA were willful.

65. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 18th day of March, 2022.

>    */s/ Anthony J. Hall*
>    **ANTHONY J. HALL, ESQ.**
>    Fla. Bar No. 40924
>    **THE LEACH FIRM**
>    631 S. Orlando Ave., Ste. 300
>    Winter Park, FL 32789
>    Tel: 407-574-4999
>    Fax: 321-594-7316
>    Email: ahall@theleachfirm.com
>    Email: aperez@theleachfirm.com
>
>    *Counsel for Plaintiff*